FILED

02/27/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0643

DA 16-0643

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 31

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MICHAEL CHARLES DARICEK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
                    In and For the County of Ravalli, Cause No. DC 16-08
                    Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Appellate Defender, Kristen L. Peterson, Assistant Appellate
            Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
            Attorney General, Helena, Montana

            William E. Fulbright, Ravalli County Attorney, Angela Wetzsteon, Deputy
            County Attorney, Hamilton, Montana

Submitted on Briefs:  December 6, 2017

Decided:  February 27, 2018

Filed:

                            _____
                                     Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Michael Daricek pleaded no contest to felony driving under the influence of alcohol (DUI) after being charged with his fourth DUI.  The District Court committed Daricek to the Department of Corrections (Department) for thirteen months, with an additional five years suspended.  The court imposed numerous conditions on Daricek's suspended sentence, including a requirement that Daricek pay the costs of his imprisonment, probation, and alcohol treatment "if financially able."  Daricek appeals the imposition of this condition on the ground that the court failed to determine his ability to pay these costs. We affirm.

### PROCEDURAL AND FACTUAL BACKGROUND

¶2     Daricek was arrested in January 2016 in Ravalli County for driving under the influence of alcohol after he crashed a snowmobile while intoxicated.  The State charged him in the Twenty-First Judicial District Court with felony DUI under § 61-8-401, MCA; Daricek had three previous DUI convictions in Montana.  The State also charged Daricek with reckless driving, but it later dismissed that charge.  Daricek pleaded no contest to the DUI charge.

¶3     Prior to sentencing, the District Court ordered a Pre-Sentence Investigation (PSI) report.  The report revealed that Daricek had a GED; that he was married with five children; that he was employed and made $13 an hour; that he had $55,500 in assets, consisting of tools and vehicles; that he had $8,000 in outstanding medical debts; that he had child support obligations in an unknown amount that Daricek reported may be around $6,000; and that he paid $950 per month in rent.  The PSI report recommended thirty-six conditions

2

for "any period of community supervision." Condition 32 stated, "The Defendant, if financially able, as a condition of probation, shall pay for the cost of imprisonment, probation, and alcohol treatment for the length of time he/she is imprisoned, on probation, or in alcohol treatment. (§ 61-8-731, MCA)."

¶4 At the conclusion of the sentencing hearing, the District Court committed Daricek for thirteen months to the Department's custody, followed by a five-year suspended sentence, and issued a $1,000 fine. The court also imposed "all of the conditions that are set forth in the Pre-Sentence Investigation Report."

¶5 Daricek's counsel objected to the imposition of condition 32, stating, "In spite of the fact that [Daricek] is working, he doesn't have the ability to pay costs of imprisonment, and I don't think that's appropriate in a case like this." The court imposed the condition over the objection, noting that Daricek was "fit [and] able to work," that he was in good health, that he had obtained his GED and was employed, and that he could "earn money to pay off any fines, fees, surcharges imposed."

¶6 The court's written judgment provides, "During the suspended portion of his sentence, the Defendant shall comply with the following Conditions listed on the [PSI report] as follows." It lists all thirty-six conditions contained in the report, including condition 32. In its "Reasons for Sentence," the court stated, "Defendant is 41 years of age, has a GED, is married with five children, and is currently employed. The record further indicates that the Defendant is in fair health, has no indication of mental or personality disorders, and is capable of working and paying restitution, fines, costs and

3

reimbursing court appointed attorney's fees." Daricek appeals the imposition of condition 32.

## STANDARDS OF REVIEW

¶7    Our review of criminal sentences that include at least one year of incarceration is for legality only. *State v. Rickman*, 2008 MT 142, ¶ 11, 343 Mont. 120, 183 P.3d 49. If a defendant challenges a sentencing condition, we first review the condition's legality, and then review for an abuse of discretion the condition's reasonableness under the particular facts of the case. *City of Bozeman v. Cantu*, 2013 MT 40, ¶ 11, 369 Mont. 81, 296 P.3d 461. A sentence is lawful when it falls within the statutory parameters. *State v. Mingus*, 2004 MT 24, ¶ 10, 319 Mont. 349, 84 P.3d 658. Whether a sentence is legal is a question of law that we review de novo to determine whether the court's interpretation of the law is correct. *State v. Thompson*, 2017 MT 107, ¶ 6, 387 Mont. 339, 394 P.3d 197. The sentencing court's determination that a defendant is able to pay an imposed cost is essentially a finding of fact that this Court will reverse only if it is clearly erroneous. *State v. Reynolds*, 2017 MT 317, ¶ 16, 390 Mont. 58, 408 P.3d 503.

## DISCUSSION

¶8    Daricek argues that the District Court improperly imposed condition 32 without first determining whether he was financially able to pay the costs of imprisonment, probation, or alcohol treatment. He asserts that the court was obligated to calculate, or at least estimate, the anticipated sum of the costs and to more thoroughly inquire into his financial assets, debts, recurring obligations, and future ability to pay.

¶9 The State responds that the District Court's imposition of condition 32 was proper. The State contends that the relevant statute, § 61-8-731(4)(b), MCA, does not explicitly order a sentencing court to determine a defendant's financial ability to pay the costs of imprisonment, probation, or alcohol treatment. The State argues that §§ 53-1-501 and -502, MCA, vest authority in the Department to make that determination and therefore that the Department, rather than the District Court, is the proper entity to determine Daricek's ability to pay at the appropriate time.

¶10 Montana law provides that a person convicted of felony DUI shall be sentenced to the Department's custody for placement in a correctional facility for a minimum of thirteen months. Section 61-8-731(1)(a)(i), MCA. The sentencing court "shall order that if the person successfully completes a residential alcohol treatment program approved by the department of corrections, the remainder of the sentence must be served on probation." Section 61-8-731(1)(a)(i), MCA. The statute directs, "The court shall, as a condition of probation, order . . . *a person who is financially able* to pay the costs of imprisonment, probation, and alcohol treatment under this section." Section 61-8-731(4)(b), MCA (emphasis added).[1]

---

[1] The language of this statute differs from other statutes providing for the imposition of fines and costs. *See* §§ 46-8-113 (regarding imposition of costs for assigned counsel), 46-18-231 (regarding imposition of fines), and 46-18-232, MCA (regarding imposition of costs for jury service, prosecution, and supervision). These statutes provide that a court *may* impose costs or fines, whereas § 61-8-731(4)(b), MCA, states that a court "shall" impose certain probation conditions. Unlike § 61-8-731(4)(b), MCA, these statutes also explicitly obligate a district court to assess a defendant's ability to pay. Sections 46-8-113, 46-18-231, and 46-18-232, MCA. Daricek relies in part on our holding in *State v. McLeod*, 2002 MT 348, 313 Mont. 358, 61 P.3d 126; that case interprets § 46-18-231, MCA, and thus does not bear on our interpretation of § 61-8-731(4)(b), MCA.

¶11 The parties dispute who bears responsibility for determining Daricek's financial ability to pay and when that determination should be made. As Daricek points out, it would be difficult to determine whether he is able to pay without first calculating the amount of the costs imposed. But a sentencing court is not likely to know the amount of the costs of future imprisonment, probation, or alcohol treatment at the time of sentencing. That amount will depend on the variables of Daricek's circumstances, such as how successful he will be in treatment and under supervision. Daricek's ability to pay those future costs also will depend on his employment status upon release from custody.

¶12 The Department is charged with supervising probationers "in accord with the conditions set by a sentencing judge." Section 46-23-1011(1), MCA. Section 53-1-501, MCA, instructs the Department to establish "rates and charges to residents or participants in any community correctional program that is under contract with the [Department] and that provides room, board, or services." Section 53-1-502, MCA, provides that the Department "may establish and charge reasonable rates for board, room, and ancillary services . . . for persons incarcerated in an institutional correctional facility." These statutes grant the Department authority to determine, after sentencing, the costs of "imprisonment, probation, and alcohol treatment" that a sentencing court has imposed under § 61-8-731(4)(b), MCA.

¶13 These statutes also mandate that the Department's assessments to an offender in a community correctional program or institutional correctional facility take into account the offender's ability to pay. Section 53-1-501(2), MCA ("The amount assessed by these programs must be subject to the resident's ability to pay."); § 53-1-502(2), MCA ("The

[Department] may not make an assessment that would place an undue financial burden on the person."). If the Department determines, based on the amount of costs and Daricek's employment status, assets, debt, and ongoing financial obligations that he is not "financially able" to pay, then it may not obligate him to pay costs. *See* §§ 53-1-501(2), -502(2), MCA. In that scenario, Daricek would not be in violation of the conditions of his probation, and his suspended sentence would not be subject to revocation. Additionally, a probation officer "may recommend and a judge may modify or add any condition of probation or suspension of sentence at any time." Section 46-23-1011(5)(a), MCA.

¶14 We conclude that the District Court's imposition of condition 32 complied with the plain language of § 61-8-731(4)(b), MCA, and properly deferred to the Department responsibility for assessing Daricek's ability to pay.

¶15 Daricek contends that our holding in *Mingus* required the District Court to conduct a more in-depth inquiry into his ability to pay prior to imposing condition 32. In *Mingus*, the sentencing court's DUI probation conditions required in part that the defendant pay the costs of imprisonment, inpatient alcohol treatment, and aftercare treatment. *Mingus*, ¶ 4. In its oral sentence, the court required Mingus to pay the costs of imprisonment and inpatient treatment "*only* if he was financially able," and it observed that "in all probability Mingus would not be able to pay these costs." *Mingus*, ¶ 6. The court did not mention or condition Mingus's payment of aftercare treatment costs on his ability to pay. *Mingus*, ¶ 7. The court's subsequent written judgment added the condition that Mingus would remain

in the aftercare program so long as he was "financially able." *Mingus*, ¶ 7. Because the oral and written sentence differed, the oral sentence controlled. *Mingus*, ¶ 20.

¶16 On appeal, we noted that the district court had "considered the PSI," which "reflected Mingus's debts and assets as zero" and stated that he could return to his job after incarceration. *Mingus*, ¶ 21. The court failed, however, to "make specific findings to determine whether Mingus is financially able to pay" the costs of aftercare treatment. *Mingus*, ¶ 22 (citing § 61-8-731(3)(b), MCA, now codified identically in § 61-8-731(4)(b), MCA). Even though the written judgment conditioned Mingus's payment of aftercare treatment costs on whether he was "financially able," not only did the sentencing court fail to mention financial ability in its oral pronouncement, the court "did not make the requisite findings regarding Mingus's ability to pay for the aftercare program." *Mingus*, ¶ 23. We thus remanded for resentencing. *Mingus*, ¶ 24.[2]

¶17 Unlike in *Mingus*, the District Court here made "specific findings" that Daricek was "fit [and] able to work," that he had a GED and was employed, that he was in good health, and that he could "earn money to pay off" any costs. The sentencing court in *Mingus* made no findings on the record—beyond its general consideration of the PSI report—of Mingus's future likelihood of being able to pay costs. *Mingus*, ¶¶ 21-23. In fact, the court noted that Mingus likely "would not be able to pay" the costs of imprisonment and inpatient

---

[2] We also stated in dictum, "The record does not reflect that the court made a *separate inquiry* into whether Mingus would be able to pay any costs imposed or whether such payment might cause hardship." *Mingus*, ¶ 21 (emphasis added). This statement was not part of our holding; we held only that a sentencing court must "make specific findings" to determine a defendant's ability to pay. *Mingus*, ¶ 22.

treatment. *Mingus*, ¶ 6. Although the District Court here did not discuss Daricek's assets, debts, or continuing financial obligations, it made a specific finding—which the record supports—that Daricek likely would be able to work upon release from custody. The court's conclusion that he could be held responsible to pay costs so long as he remained "financially able" to do so did not run afoul of *Mingus*.

¶18 Following the plain language of § 61-8-731(4)(b), MCA, the District Court imposed the required costs, but conditioned Daricek's payment on his financial ability to pay them. It made "specific findings" regarding Daricek's likelihood of future employment upon release from the Department's custody. *See Mingus*, ¶ 22. The Department is in the best position, and is authorized by statute, to make a future determination of Daricek's ability to pay the costs of imprisonment, probation, and alcohol treatment that the District Court imposed. *See* §§ 53-1-501, -502, MCA. Section 61-8-731(4)(b), MCA, requires no more than what the District Court did. The court's imposition of condition 32 was lawful.

## CONCLUSION

¶19 The District Court's sentence is affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

9