FILED

03/31/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0054

DA 24-0054

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2026 MT 65

CITY OF WHITEFISH,

      Plaintiff and Appellee,

  v.

THOMAS G. CURRAN,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-2023-288
Honorable Danni Coffman, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Abigail Mathews, Attorney at Law, Great Falls, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

          Angela Jacobs, Whitefish City Attorney, Renn Fairchild, Deputy City
Attorney, Whitefish, Montana

Submitted on Briefs:  July 30, 2025

Decided:  March 31, 2026

Filed:

_____
                   Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Thomas Curran appeals his 2023 sentence from the City of Whitefish Municipal Court for Operating a Motor Vehicle with a BAC of .08% or Greater (DUI *per se*), first offense. Curran appealed to the Eleventh Judicial District Court, which affirmed the Municipal Court's Judgment. On appeal before this Court, Curran argues that the Municipal Court improperly imposed a $600 suspended fine that he lacked the ability to pay. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Curran pleaded guilty in August 2020 to first-offense DUI *per se* under § 61-8-406(1)(a), MCA (2019).[1] The parties' plea agreement recommended in part that the court impose a combined fine and surcharge of $685, with a proviso that "Defendant requests the court inquire into his ability to pay the fine and suspend the fine and surcharge in the interests of justice if the court finds that he is unable to pay the fine." The plea agreement further recommended that Curran be required to complete the Assessment, Course, and Treatment Program and to comply with treatment recommendations.

¶3 The Municipal Court held a sentencing hearing and heard testimony from then 73-year-old Curran about his financial and personal circumstances that rendered him

---

[1] This section was repealed effective January 1, 2022, as part of a package to revise and reorganize Montana's DUI statutes. Curran is subject to the penalties described in § 61-8-722, MCA, in effect at the time of his offense. *City of Whitefish v. Curran*, 2023 MT 118, ¶ 2 n.1, 412 Mont. 499, 531 P.3d 547 (*Curran I*). Unless otherwise indicated, all references are to the 2019 version of the Montana Code Annotated.

unable to pay the $600 minimum fine required by the applicable sentencing statute, § 61-8-722(1), MCA. Curran's counsel requested that the court suspend the fine entirely on account of Curran's inability to pay. Though sympathetic, the Municipal Court did not believe it had the discretion to do so. It imposed the $600 minimum fine but waived the $85 statutory surcharge. After the District Court affirmed the sentence, Curran appealed.

¶4 We held in *Curran I* that the Municipal Court imposed a lawful sentence but abused its discretion by not considering alternatives to satisfy Curran's obligation for the $600 fine. *Curran I*, ¶¶ 20-21, 27. We concluded that under § 46-18-201(2)(a), (3)(b), MCA, "the Municipal Court had the authority to suspend Curran's fine or order donation to the food bank in lieu of monetary payment." *Curran I*, ¶ 25 (internal quotations omitted). We remanded "for consideration of alternative methods authorized by statute for satisfying the fine." *Curran I*, ¶ 30.

¶5 On remand, the Municipal Court held another hearing. Curran, by then 76 years old, advised the court that his financial situation had not changed in the two years that his case was pending on appeal. His source of income remained social security, with all of his income going toward living expenses. Curran explained that he had approximately $100 to $120 for food at the end of the month. Curran uses a walker and relies on supplemental oxygen. Because of these circumstances, Curran objected to the imposition of any fine or alternative. The City did not object to suspension of the fine on the condition that Curran complete the Prime for Life course, which was ordered as part of Curran's original sentence.

3

¶6 The Municipal Court took the view that any of Curran's available resources should go toward chemical dependency evaluation and treatment. Based on the information Curran presented, the court imposed a $600 fine and suspended the fine in its entirety, subject to Curran completing the remaining conditions of his original sentence, including that Curran sign up for the Prime for Life course and provide proof of that enrollment to the court within 30 days. The Municipal Court later stayed its sentence pending resolution of this appeal.

## STANDARD OF REVIEW

¶7 "Whether a sentence is legal is a question of law that we review de novo to determine whether the court's interpretation of the law is correct." *State v. Daricek*, 2018 MT 31, ¶ 7, 390 Mont. 273, 412 P.3d 1044 (citation omitted).

## DISCUSSION

¶8 Curran argues that he received an illegal sentence when the Whitefish Municipal Court imposed a suspended $600 fine for DUI *per se* because the mandatory nature of the minimum fine renders the sentencing statute facially unconstitutional. Curran points to § 46-18-231(3), MCA, which provides that a sentencing judge "may not sentence an offender to pay a fine unless the offender is or will be able to pay the fine." He relies on *State v. Gibbons*, 2024 MT 63, ¶¶ 51, 66, 416 Mont. 1, 545 P.3d 686, *cert. denied*, ___ U.S. ___, 145 S. Ct. 355 (2024), in which this Court held that a mandatory fine unconstitutionally removes the sentencing court's discretion to consider proportionality factors such as the nature of the offense and the offender's ability to pay. The State

4

responds that the plain language of § 61-8-722(1), MCA, supports that if the sentencing court elects to impose a fine, the $600 mandatory minimum fine is proportional to a first-offense DUI. The State argues further that *Gibbons* is manifestly wrong and should be overruled.

¶9 Curran's appeal is resolved by our recent decision in *State v. Cole*, 2026 MT 52, ___ Mont. ___, ___ P.3d ___. We determined there that § 46-18-231(3), MCA, may be harmonized with other statutory provisions "by requiring the sentencing court to determine the defendant's ability to pay the fine and allowing it to suspend all or part of the fine consistent with that determination." *Cole*, ¶ 13 (citation omitted). We noted that the plain language of § 46-18-231(3), MCA, makes "no exceptions for statutes that establish a mandatory minimum fine" and that § 46-18-201(2), MCA, grants a sentencing judge express authority to "suspend execution of [a] sentence," unless "specifically provided by statute." *Cole*, ¶ 11 (internal quotations and citations omitted). Harmonizing these provisions, we concluded that a sentencing court must determine the defendant's ability to pay a minimum fine in compliance with § 46-18-231(3), MCA, and then must "use its authority under § 46-18-201(2), MCA (2019), to suspend the mandatory fine to the extent that the defendant lacks the ability to pay." *Cole*, ¶ 14. We overruled *Gibbons* to the extent it held that § 61-8-731(3), MCA (2019)—setting a $5,000 mandatory minimum fine for felony DUIs—was facially unconstitutional. *Cole*, ¶¶ 22-29. Because Cole's sentencing court imposed the minimum statutory fine and suspended all but $100 of it (for which Cole received credit for a day spent in jail), we upheld the sentence. *Cole*, ¶¶ 4, 29.

5

¶10 We reach the same conclusion here. The record makes clear that the Municipal Court complied with § 46-18-231(3), MCA, by considering Curran's financial circumstances, prospects for future income, and ability to pay a fine; complied with § 61-8-722(1), MCA, by imposing the $600 minimum fine; and followed § 46-18-201(2), MCA, when it suspended the fine in its entirety. Curran's sentence is not illegal.

## CONCLUSION

¶11 The District Court's order affirming the Municipal Court's sentence and judgment is affirmed.

/S/ BETH BAKER

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

Justices Ingrid Gustafson, Laurie McKinnon, and Katherine Bidegaray, dissenting.

¶12 We dissent. The statute at issue here, § 61-8-722(1), MCA, requires imposition of a mandatory minimum fine regardless of a defendant's ability to pay. In *State v. Gibbons*, 2024 MT 63, 416 Mont 1, 545 P.3d 686, *cert. denied*, ___ U.S. ___, 145 S. Ct. 355 (2024), this Court determined that § 61-8-731(3), MCA, was unconstitutional as it precluded sentencing courts from assessing a defendant's ability to pay and required imposition of a mandatory minimum fine. *Gibbons*, fundamentally, concerned the constitutional

6

prohibition of imposing fines on those people uniquely unable to pay them. Since *Gibbons* was issued, the State relentlessly crusaded for it to be overturned. In *State v. Vaska*, 2025 MT 168, 423 Mont. 194, 573 P.3d 327, we declined to overrule *Gibbons*. We observe that every state court that has considered the question appears to have aligned itself with the Court's reasoning in *Gibbons*. *See City of Seattle v. Long*, 493 P.3d 94, 144 (Wash. 2021) ("We pay more than 'lip service' to the excessive fines clause and instead hew to its history. . . . [C]ourts considering whether a fine is constitutionally excessive should also consider a person's ability to pay."); *see, e.g. People v. Cowan*, 260 Cal. Rptr. 505, 520 (2020) ("It is apparent . . . that California courts, borrowing from a line of federal cases, have adopted a broad reading of *Bajakajian* in which ability to pay must be taken into account as a factor bearing on proportionality. . . . Because ability to pay is an element of the excessive fines calculus under both the federal and state Constitutions, we conclude that a sentencing court may not impose court operations or facilities assessments or restitution fines without giving the defendant, on request, an opportunity to present evidence and argument why such monetary extractions exceed his ability to pay.") (citing *United States v. Bajakajian*, 524 U.S. 312, 118 S. Ct. 2028 (1998)); *Oregon v. Goodenow*, 282 P.3d 8, 17 (Or. 2012) (citing *Bajakajian*, 524 U.S. at 335-36, 118 S. Ct. at 2037, the court held that when assessing the severity of a defendant's fine, courts must consider the amount of the obligation and the effect of the obligation on the defendant, noting that "[w]hether an otherwise proportional fine is excessive can depend on, for example, the financial resources available to a defendant, the other financial obligations of the

defendant, and the effect of the fine on the defendant's ability to be self-sufficient."); *Stuart v. State Dep't of Safety*, 963 S.W.2d 28, 36 (Tenn. 1998) ("[C]ourts should consider the monetary value of the property forfeited, particularly in light of the claimant's financial resources."); *Colo. Dep't of Lab. & Emp. v. Dami Hosp., LLC*, 2019 CO 47M, ¶ 31, 442 P.3d 94 (Colo. 2019) ("The concept of 'proportionality' itself also persuades us that ability to pay is an appropriate element of the Excessive Fines Clause gross disproportionality analysis. . . . We thus conclude that courts considering whether a fine is constitutionally excessive should consider ability to pay in making that assessment."); *United States v. Levesque*, 546 F.3d 78, 83-84 (1st Cir. 2008) ("[T]he notion that a forfeiture should not be so great as to deprive a wrongdoer of his or her livelihood is deeply rooted in the history of the Eighth Amendment."). It is apparent that several modern state and federal courts have concluded that the history of state and federal excessive fines clauses suggest that considering ability to pay is constitutionally required.

¶13 Regardless, the State remained undaunted in its crusade. This crusade was eventually successful in *State v. Cole*, 2026 MT 52, ____ Mont. ___, ___ P.3d ___. Since *Gibbons*, the only change of significance that occurred prior to *Cole* is the make-up of this Court. In *Cole*, under the guise of statutory harmonization, the Opinion ignored the plain language of § 46-18-231(3), MCA—"The sentencing judge may not sentence an offender to pay a fine unless the offender is or will be able to pay the fine." Whether a fine is suspended after it is imposed is irrelevant to the predicate determination of the defendant's ability to pay the minimum prescribed fine. "The sentencing authority of a court exists

solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized." *State v. Lenihan*, 184 Mont. 338, 342, 602 P.2d 997, 1000 (1979) (quoting *Oregon v. Braughton*, 561 P.2d 1040, 1041 n.2 (Or. App. 1977)). The initial sentence imposed must be within the limits of punishment authorized by statute. When an offender has no ability to pay the fine, § 46-18-231(3), MCA, as explained in *Gibbons*, prevents a court from *imposing* the fine, regardless of whether it is suspended. Permitting a sentencing court to impose a fine on a defendant who lacks the ability to pay on the theory that the sentencing court suspends the fine after its imposition, in essence, overturns *Gibbons* without specifically acknowledging such. The Opinion is at odds with our holding in *Gibbons*.

¶14     In her dissent in *Cole*, Justice Bidegaray appropriately analyzed the issue of whether suspension of a fine cures the constitutional defect of imposition of a mandatory minimum fine on a defendant who cannot and will not be able to pay the fine. As summarized in her dissent, it is the Court's obligation to apply the law faithfully and to ensure that sentencing practices comply with constitutional limitations and controlling precedent as they exist, including the prohibition against excessive fines, not to revise them through strained statutory construction. Nothing in this record or in intervening law justifies departure from those principles. As such, we continue to agree with and adopt the dissent analysis in *Cole* as if fully set forth here. We would reverse and remand to the District Court to strike the imposition of the mandatory minimum fine from the Judgment—suspension of an illegal fine does not cure its illegality.

9

¶15    Other than a change in the composition of this Court, nothing has changed since our holding in *Gibbons*, and the lesson to be gleaned here is that litigants unhappy with a determination of this Court should relentlessly seek to overturn it as there will inevitably be future change in this Court's make-up.

/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON
/S/ KATHERINE M. BIDEGARAY