FILED

04/14/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0012

DA 24-0012

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 77

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MICHAEL ROSS TROMBLEY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC-23-2
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Tammy A. Hinderman, Appellate Defender Division Administrator,
Emma N. Sauve, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

          James Lapotka, Lake County Attorney, Benjamin Anciaux, Deputy County
Attorney, Polson, Montana

Submitted on Briefs: April 8, 2026

Decided: April 14, 2026

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Michael Ross Trombley appeals the Twentieth Judicial District Court's November 9, 2023 combined judgment revoking a 2015 suspended sentence and imposing sentences in three additional cases. Trombley challenges only two aspects of the combined judgment: first, a $5,000 fine required by § 61-8-1008(1)(a)(i), MCA (2021), which the District Court fully suspended; and second, a provision in the judgment giving the probation office the authority to "reinstate the suspended [fines and fees] . . . if they find reason that Defendant is not complying with the terms of his probation." The State concedes Trombley's second argument and urges the Court otherwise to affirm. We affirm the imposition and suspension of the $5,000 fine and remand for entry of an amended judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Trombley was charged in three separate cases in Lake County with three felony offenses, only one of which is at issue in this appeal: driving under the influence—fourth or subsequent offense, under § 61-8-1002, MCA (2021).[1] Based on the events giving rise to the charges, the State also filed a petition to revoke his 2015 suspended sentence in another Lake County felony DUI case. The parties reached a global plea agreement, and the District Court held a combined sentencing hearing on November 9, 2023.

---

[1] Trombley is subject to the penalties described in § 61-8-1008(1)(a)(i), MCA, in effect at the time of his offense. *City of Whitefish v. Curran*, 2023 MT 118, ¶ 2 n.1, 412 Mont. 499, 531 P.3d 547. Unless otherwise indicated, all references are to the 2021 version of the Montana Code Annotated.

¶3 The court imposed consecutive terms of imprisonment in the Montana State Prison and—on the felony DUI count—thirteen months to the Department of Corrections, followed by a suspended five-year term in the Montana State Prison. It also awarded appropriate credit for time served. Following consideration of Trombley's financial circumstances, the District Court waived the public defender fees. In Condition No. 13 of the judgment, the court imposed statutory fees for supervision on probation, completion of the presentence investigation, administrative fees, victim-witness fees, information technology fees, a surcharge for each felony offense, payment of costs under § 46-18-232, MCA, and the mandatory minimum fine of $5,000 pursuant to § 61-8-1008(1)(a)(i), MCA. The court suspended each of the imposed fees and the entirety of the $5,000 fine.

¶4 The District Court also included Condition No. 14 in the written judgment, which states: "The probation office can reinstate the suspended items in [Condition No.] 13 above if they find reason that Defendant is not complying with the terms of his probation."

¶5 On appeal, Trombley challenges only the $5,000 suspended fine and Condition No. 14 of the judgment.

## STANDARD OF REVIEW

¶6 "Whether a sentence is legal is a question of law that we review de novo to determine whether the court's interpretation of the law is correct." *State v. Daricek*, 2018 MT 31, ¶ 7, 390 Mont. 273, 412 P.3d 1044 (citation omitted).

## DISCUSSION

¶7 Trombley argues that he received an illegal sentence when the District Court imposed a suspended $5,000 fine for felony DUI because the mandatory nature of the

3

minimum fine renders the sentencing statute facially unconstitutional. Trombley relies on our decision in *State v. Gibbons*, 2024 MT 63, ¶¶ 51, 66, 416 Mont. 1, 545 P.3d 686, *cert. denied*, ___ U.S. ___, 145 S. Ct. 355 (2024), holding that a mandatory fine unconstitutionally removes the sentencing court's discretion to consider proportionality factors such as the nature of the offense and the offender's ability to pay. The State responds that Trombley agreed in his plea agreement to pay the fine, that *Gibbons* did not address the statute under which Trombley was sentenced, and that the plain language of § 61-8-1008(1)(a)(i), MCA, supports that if the sentencing court elects to impose a fine, the $5,000 mandatory minimum fine is proportional in light of the threshold requirements for conviction. The State argues further that *Gibbons* is manifestly wrong and should be overruled.

¶8 We reject the State's argument that Trombley waived his challenge to the fine by agreeing to pay it in his plea agreement. A defendant cannot agree to an illegal sentence in a plea agreement. *State v. Arellano*, 2024 MT 108, ¶ 12, 416 Mont. 406, 549 P.3d 428. At the time of the plea agreement, there was controlling authority that § 46-18-231(3), MCA, providing in part that a "sentencing judge may not sentence an offender to pay a fine unless the offender is or will be able to pay the fine[,]" did not apply to mandatory fines. *State v. Mingus*, 2004 MT 24, ¶ 15, 319 Mont. 349, 84 P.3d 658, *overruled in part by Gibbons*, ¶ 64.

¶9 On the merits, however, the first issue Trombley raises is resolved by our recent decision in *State v. Cole*, 2026 MT 52, 427 Mont. 64, ___ P.3d ___. We determined there that § 46-18-231(3), MCA, may be harmonized with other statutory provisions "by

4

requiring the sentencing court to determine the defendant's ability to pay the fine and allowing it to suspend all or part of the fine consistent with that determination." *Cole*, ¶ 13 (citation omitted). We noted that the plain language of § 46-18-231(3), MCA, makes "no exceptions for statutes that establish a mandatory minimum fine" and that § 46-18-201(2), MCA, grants a sentencing judge express authority to "suspend execution of [a] sentence, unless specifically provided by statute." *Cole*, ¶ 11 (internal quotations and citations omitted). Harmonizing these provisions, we concluded that a sentencing court must determine the defendant's ability to pay a minimum fine in compliance with § 46-18-231(3), MCA, and then must "use its authority under § 46-18-201(2), MCA (2019), to suspend the mandatory fine to the extent that the defendant lacks the ability to pay." *Cole*, ¶ 14.[2] We overruled *Gibbons* to the extent it held that § 61-8-731(3), MCA (2019)—setting a $5,000 mandatory minimum fine for felony DUIs—was facially unconstitutional. *Cole*, ¶¶ 22-29. Because Cole's sentencing court imposed the minimum statutory fine and suspended all but $100 of it (for which Cole received credit for a day spent in jail), we upheld the sentence. *Cole*, ¶¶ 4, 29; *See also City of Whitefish v. Curran*, 2026 MT 65, ___ Mont. ___, ___ P.3d ___.

¶10    We reach the same conclusion here. The record makes clear that the District Court complied with § 46-18-231(3), MCA, by considering Trombley's financial circumstances and ability to pay a fine; complied with § 61-8-1008(1)(a)(i), MCA, by imposing the

---

[2] Though *Cole* considered the 2019 MCA, the language of §§ 46-18-201(2)(a) and 46-18-231(3) in the 2021 version of the MCA is identical.

5

$5,000 minimum fine; and followed § 46-18-201(2), MCA, when it suspended the fine in its entirety. This sentence is not illegal.

¶11 We agree with the parties, however, that the District Court did not have authority to delegate to the probation and parole office the ability to reinstate all suspended fees and fines included in the judgment if they concluded that Trombley failed to comply with the terms of his probation. Section 46-18-203, MCA, authorizes only a district court, not the office of probation and parole, to revoke a sentence and to continue or modify any of its conditions. Section 46-18-203(7)(a), MCA. The District Court lacked statutory authority to delegate this function to the probation office and must strike Condition No. 14 from the judgment.

## CONCLUSION

¶12 The District Court's judgment imposing and suspending a $5,000 fine for Trombley's felony DUI conviction is affirmed. The case is remanded for entry of an amended judgment striking Condition No. 14 from the November 9, 2023 judgment.

/S/ BETH BAKER

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

Justices Ingrid Gustafson, Laurie McKinnon, and Katherine Bidegaray, concurring in part and dissenting in part.

6

¶13 We agree and concur with the determination that the District Court did not have the authority to delegate to probation and parole the ability to reinstate all suspended fines and fees included in the judgment. We, however, dissent that the illegal imposition of a mandatory fine on a defendant who does not and will not have the ability to pay it, may be cured by suspension of the fine.

¶14 The statute at issue here, § 61-8-1008(1)(a)(i), MCA, requires imposition of a mandatory minimum fine regardless of a defendant's ability to pay. In *State v. Gibbons*, 2024 MT 63, 416 Mont. 1, 545 P.3d 686, this Court determined that § 61-8-731(3), MCA, was unconstitutional as it precluded sentencing courts from assessing a defendant's ability to pay and required imposition of a mandatory minimum fine. *Gibbons*, ¶ 64.

¶15 Unfortunately, this appeal has lingered an inordinate amount of time while the State crusaded against *Gibbons*. Here, as in other cases after *Gibbons*, the State made the specious argument that *Gibbons* was inapplicable to Trombley's fine because Trombley was sentenced pursuant to § 61-8-1008(1)(a)(i), MCA, and *Gibbons* was sentenced pursuant to § 61-8-731(3), MCA. The State made its argument without any supportive reasoning—ignoring, as we plainly stated in *Yang* and *Gibbons*, that § 46-18-231, MCA, requires a sentencing court to consider an offender's ability to pay before any fine may constitutionally be imposed. *See State v. Yang*, 2019 MT 266, ¶ 24, 397 Mont. 486, 452 P.3d 897; *Gibbons*, ¶ 64. The State's argument that this Court should not follow *Gibbons* because Trombley's sentence was imposed under a different penalty section of the same statute is disingenuous at best. Pursuant to both provisions, a sentencing court is precluded from considering that the person they are sentencing may be poor and unlikely

7

to be able to afford the economic sanction without disproportionate harm to themselves or family. Hence, the constitutional infirmity identified in *Gibbons* exists with respect to both § 61-8-1008(1)(a)(i), MCA, and § 61-8-731(3), MCA.

¶16 As mentioned above, post-*Gibbons*, the State crusaded to overturn *Gibbons*, perpetually arguing it to be manifestly wrong. In *State v. Vaska*, 2025 MT 168, 423 Mont. 194, 573 P.3d 327, we declined to overrule *Gibbons* but then a short time later did an about-face in *State v. Cole*, 2026 MT 52, 427 Mont. 64, ___ P.3d ___. We observe that every state court that has considered the question of imposition of mandatory fines without first considering whether the defendant has the ability to pay the fine appears to have aligned itself with the Court's reasoning in *Gibbons*. *See City of Seattle v. Long*, 493 P.3d 94, 114 (Wash. 2021) ("We pay more than lip service to the excessive fines clause and instead hew to its history. . . . [C]ourts considering whether a fine is constitutionally excessive shall also consider a person's ability to pay."); *see, e.g.*, *People v. Cowan*, 260 Cal. Rptr. 3d 505, 520 (Cal. App. 1st Dist. 2020) ("It is apparent . . . that California courts, borrowing from a line of federal cases, have adopted a broad reading of *Bajakajian* in which ability to pay must be taken into account as a factor bearing on proportionality. . . . Because ability to pay is an element of the excessive fines calculus under both the federal and state Constitutions, we conclude that a sentencing court may not impose court operations or facilities assessments or restitution fines without giving the defendant, on request, an opportunity to present evidence and argument why such monetary extractions exceed his ability to pay.") (citing *United States v. Bajakajian*, 524 U.S. 321, 118 S. Ct. 2028 (1998)); *Oregon v. Goodenow*, 282 P. 3d 8, 17 (Or. 2012) (citing

8

*Bajakajian*, 524 U.S. at 335-36, 118 S. Ct. at 2037, the court held that when assessing the severity of a defendant's fine, courts must consider the amount of the obligation and the effect of the obligation on the defendant, noting that "[w]hether an otherwise proportional fine is excessive can depend on, for example, the financial resources available to a defendant, the other financial obligations of the defendant, and the effect of the fine on the defendant's ability to be self-sufficient"); *Stuart v. State Dep't of Safety*, 963 S.W.2d 28, 36 (Tenn. 1998) ("[C]ourts should consider the monetary value of the property forfeited, particularly in light of the claimant's financial resources."); *Colo. Dep't of Lab. & Emp. v. Dami Hosp., LLC*, 2019 CO 47M, ¶ 31, 442 P.3d 94 (Colo. 2019) ("The concept of 'proportionality' itself also persuades us that ability to pay is an appropriate element of the Excessive Fines Clause gross disproportionality analysis. . . . We thus conclude that courts considering whether a fine is constitutionally excessive should consider ability to pay in making that assessment."); *United States v. Levesque*, 546 F.3d 78, 83-84 (1st Cir. 2008) ("[T]he notion that a forfeiture should not be so great as to deprive a wrongdoer of his or her livelihood is deeply rooted in the history of the Eighth Amendment."). It is apparent that several modern state and federal courts have concluded that the history of state and federal excessive fines clauses suggest that considering ability to pay is constitutionally required.

¶17     In *Cole*, under the guise of statutory harmonization, this Court overruled *Gibbons*—strangely determining that a sentencing court must impose a mandatory fine on a defendant who is financially unable to pay the fine, but then may correct the illegal sentence by suspending the imposed fine. *See Cole*, ¶ 29. This ignores the plain language of

9

§ 46-18-231(3), MCA—"The sentencing judge may not sentence an offender to pay a fine unless the offender is or will be able to pay the fine." Whether a fine is suspended after it is imposed is irrelevant to the predicate determination of the defendant's ability to pay the minimum prescribed fine precludes its imposition. "The sentencing authority of a court exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized." *State v. Lenihan*, 184 Mont. 338, 342, 602 P.2d 997, 1000 (1979). The initial sentence imposed must be within the limits of punishment authorized by statute. When an offender has no ability to pay the fine, § 46-18-231(3), MCA, as explained in *Gibbons*, prevents the court from *imposing* the fine regardless of whether it is thereafter suspended.

¶18 In her dissent in *Cole*, Justice Bidegaray appropriately analyzed the issue of whether suspension of a fine cures the constitutional defect of imposition of a mandatory minimum fine on a defendant who cannot and will not be able to pay the fine. We agree with and adopt that analysis as if fully set forth here. We would reverse and remand to the District Court to strike the imposition of the mandatory minimum fine from the Judgment.

¶19 The majority asserts "the first issue Trombley raises is resolved by our recent decision in *State v. Cole*, 2026 MT 52, 427 Mont. 64, ___ P.3d ___." Opinion, ¶ 9. A more apt conclusion is that for the time being this Court will likely continue to conflate imposition of a mandatory fine with suspension of the fine. It is of interest though that nothing, other than a change in the composition of this Court, occurred between our holdings in *Gibbons* and *Cole*. Perhaps the lesson to be gleaned post-*Cole* is that litigants

unhappy with a determination of this Court should relentlessly seek to overturn it as there will inevitably be future change in this Court's makeup.

/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON
/S/ KATHERINE M. BIDEGARAY