FILED

09/12/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0647

DA 21-0647

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 170

STATE OF MONTANA,

     Plaintiff and Appellee,

  v.

DERRELL RUSSELL DOWD,

     Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC-21-24
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Chad Wright, Appellate Defender, Haley Connell Jackson, Assistant
Appellate Defender, Helena, Montana

     For Appellee:

          Austin Knudsen, Montana Attorney General, Bree Gee, Assistant
Attorney General, Helena, Montana

          Marcia Boris, Lincoln County Attorney, Jeffrey Zwang, Deputy
County Attorney, Libby, Montana

Submitted on Briefs:  July 19, 2023
Decided:  September 12, 2023

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Derrell Russell Dowd appeals financial conditions of his sentence from the Nineteenth Judicial District Court. Dowd pleaded guilty to felony driving under the influence pursuant to § 61-8-401, MCA. Despite Dowd's objections that he could not afford to pay, the District Court imposed a $5,000 fine and several costs, surcharges, and fees as recommended by Dowd's Presentence Investigation Report (PSI). Dowd appeals the imposition of the additional charges; he does not appeal the fine.

¶2     We reverse the District Court's imposition of costs, surcharges, and fees. The court misapprehended the effect of the evidence at Dowd's sentencing hearing when it concluded that Dowd had the ability to pay because his "assets outweigh his liabilities." We remand for the court to strike the costs, surcharges, and fees from the Judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     The State charged Dowd with DUI (fourth offense felony), operating a motor vehicle without liability insurance, and criminal possession of drug paraphernalia based on an incident that occurred in early March 2021. In exchange for dismissing the two misdemeanor charges, Dowd pleaded guilty to the felony DUI. The parties jointly recommended a thirteen-month commitment to the Department of Corrections (DOC) for Dowd's placement in a treatment facility, with a three-year suspended sentence to follow the treatment program. The parties also agreed to a $5,000 fine. At sentencing, Dowd argued that, though in the plea agreement, the fine could not be imposed because it was subject to an ability-to-pay analysis, and he could not afford it. Dowd further requested

2

that the court suspend the additional financial conditions suggested in the PSI due to his inability to pay.

¶4 At the time of sentencing, Dowd was sixty-one years old and living with severe chronic pain. The PSI corroborated Dowd's testimony at sentencing that his only source of income was $940 in Social Security Disability Insurance (SSDI). Dowd further testified that he owned the mobile home in which he lived, and that it was valued at about $8,000. According to the PSI, Dowd's only asset was a vehicle valued at $1,000. Dowd testified that he paid $300 for the vehicle. The State asked Dowd whether he could use the money that he had been paying toward a pretrial alcohol monitoring device and "put [it] towards [his] fines and fees[.]" Dowd answered that he could, but then told the court that his wife had worked weekends to help him pay for the monitoring device. She had since lost her job after getting sick from COVID-19. Dowd testified that he had no disposable income after he paid his expenses, he had no money in an investment account, and his checking account would have $21 after he paid his lot rent that month.

¶5 After reviewing the PSI and hearing Dowd's testimony, the District Court found that Dowd's "assets outweigh his liabilities . . . and that []he has the ability to pay." The court ordered that, in addition to the $5,000 fine, Dowd pay between $360 and $1,080 in supervision fees, under § 46-23-1031(1)(a)(i), MCA;[1] a $20 felony surcharge, under

---

[1] Pursuant to § 46-23-1031(1)(a)(i), MCA, the probation and parole officer determines the amount of supervision fees once ordered by the sentencing court. If financially able, a probationer must pay an annual supervisory fee of no less than $120 and no more than $360. Section 46-23-1031(1)(a)(i), MCA. Dowd was sentenced to three years suspended. Ordering his probation and parole officer to determine the amount will result in a fee between $360 and $1,080 over three years.

§ 46-18-236(1)(b), MCA; a $50 surcharge for victim and witness advocacy programs, under § 46-18-326(1)(c), MCA; a $10 court information technology fee, under § 3-1-317(1)(a), MCA; a $50 PSI fee, under § 46-18-111(3), MCA; and a $100 prosecution fee, under § 46-18-232(1), MCA. It waived the cost of assigned counsel.

## STANDARD OF REVIEW

¶6　　We review criminal sentences for legality, "review[ing] *de novo* whether the court adhered to the applicable sentencing statute." *State v. Fisher*, 2021 MT 255, ¶ 25, 405 Mont. 498, 496 P.3d 561 (citation omitted); *State v. Moore*, 2012 MT 95, ¶ 10, 365 Mont. 13, 277 P.3d 1212 (citation omitted). If a sentencing condition is legal, "we then review its reasonableness to determine whether the district court abused its discretion." *State v. Reynolds*, 2017 MT 317, ¶ 15, 390 Mont. 58, 408 P.3d 503 (citation omitted).

¶7　　"A district court's determination of a defendant's ability to pay an imposed fine, fee, cost, or other charge is essentially a finding of fact that this Court will reverse only if it is clearly erroneous." *Fisher*, ¶ 25 (quoting *State v. Hotchkiss*, 2020 MT 269, ¶ 13, 402 Mont. 1, 474 P.3d 1273 (internal quotations omitted)). "A court's findings of fact are clearly erroneous if they are not supported by substantial credible evidence, if the court misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite and firm conviction that a mistake has been made." *Reynolds*, ¶ 16 (citation omitted).

4

# DISCUSSION

¶8      Dowd maintains he demonstrated in the District Court that he cannot afford to pay the costs, surcharges, and fees, and argues that the imposition of these obligations, therefore, is illegal.  He contends that a sentencing court may order these charges in addition to a fine only when the evidence establishes that the defendant has the ability to pay them.  He argues that no evidence supported the District Court's finding because he gave unrefuted testimony that his only source of income is SSDI and his only assets are "an old vehicle and a mobile home in which he lives."

¶9      The State counters that the District Court imposed not only a legal sentence but a mandated sentence when it ordered the specific monetary conditions.  It cites to § 61-8-731(4)(b), MCA, arguing that "a person who is financially able to pay the costs of imprisonment, probation, and alcohol treatment" must do so as a condition of probation.  The State maintains that the District Court "properly considered Dowd's ability to pay before requiring Dowd to pay fees and surcharges" and it "properly deferred the ability to pay analysis for supervision fees to the DOC."  Finally, the State argues that the District Court imposed a legal sentence because it did not "target" Dowd's SSDI, citing Dowd's testimony that "he could pay fines and fees with the monies he had previously used to pay for a pretrial alcohol monitoring device."

¶10     Each of the costs, surcharges, and fees imposed by the District Court at Dowd's sentencing includes a caveat that makes waiver of the charges either mandatory or discretionary upon a finding that the defendant does not have the ability to pay.  The statutory surcharges associated with felonies and the legal expenses of prosecuting a

5

defendant must be waived if the court finds that the defendant cannot afford to pay. Sections 46-18-232(2), -236(2), MCA. The defendant must pay the $50 PSI fee only if the court determines that the defendant is able to do so. Section 46-18-111(3), MCA. The sentencing court has the discretion to "reduce or waive a fee . . . or suspend the monthly payment of the supervisory fee if it determines that the payment would cause the person a significant financial hardship." Section 46-23-1031(1)(c), MCA. The sentencing court also has discretion to waive the information technology fee if the defendant is unable to pay. Section 3-1-317(2), MCA.

¶11 We have affirmed the imposition of costs, surcharges, and fees when the sentencing court demonstrated a "serious inquiry and separate determination" of the defendant's ability to pay. *See e.g.*, *Reynolds*, ¶ 29; *State v. Gable*, 2015 MT 200, ¶ 10, 380 Mont. 101, 354 P.3d 566. We have reversed when the sentencing court failed to discuss on the record the ability to pay or to consider the financial hardship that charges would impose. *See e.g.*, *Moore*, ¶¶ 14, 21; *State v. McLeod*, 2002 MT 348, ¶ 34, 313 Mont. 358, 61 P.3d 126.

¶12 Review of the record indicates that the District Court conducted an ability-to-pay analysis regarding Dowd's $5,000 fine. The court addressed the PSI, and it heard testimony about Dowd's ability to work and financial circumstances. It also listened to Dowd's testimony about the financial hardship he would experience if ordered to pay. At the conclusion of Dowd's testimony, the District Court found that his "assets outweigh his liabilities," and Dowd therefore had the ability to pay. Dowd does not appeal the imposition of the fine, noting its mandatory nature under § 61-8-731(1)(a)(iii), MCA (2019). *See State v. Mingus*, 2004 MT 24, ¶ 15, 319 Mont. 349, 84 P.3d 658.

6

¶13 "A court must examine the fees considering a defendant's other financial obligations, employment opportunities, available assets, and any present or future hardship imposing the fee may have." *State v. Hardin*, 2023 MT 132, ¶ 32, 413 Mont. 26, 532 P.3d 466. Dowd presented his sole assets to the court in the form of the $8,000 mobile home in which his family lives and a vehicle that he acquired for $300. Both the PSI and Dowd's testimony reflected that his only income was $940 per month in SSDI. Dowd testified that he was unable to pay for his pretrial monitoring device by himself, explaining that his wife worked weekends to help him with this expense. She no longer could assist Dowd with his court obligations because she lost her job due to illness. On this evidence, the District Court found Dowd able to pay between $590 and $1,310 (depending on the supervision fees as determined by his probation and parole officer) in addition to his $5,000 fine, noting that his "assets outweigh his liabilities."

¶14 The record evidence does not support the court's conclusion. After paying $600 to rent the lot for his mobile home, Dowd has $340 remaining from his SSDI each month. When concluding that he had the ability to pay the fine plus the additional charges, the court relied exclusively on the value of Dowd's assets and lack of debt, despite the uncontroverted evidence reflecting Dowd's impoverished financial situation. Perhaps if Dowd sold his $8,000 mobile home and his vehicle, he could pay the imposed monetary obligations associated with his sentence. Dowd's home and means of transportation, however, are basic needs. Sentencing courts must consider the effect of costs, surcharges, and fees on the basic needs of defendants when conducting an ability-to-pay analysis to assess "the nature of the burden" imposed by these charges. *See* § 46-18-232(2), MCA;

7

*State v. Lodahl*, 2021 MT 156, ¶ 27, 404 Mont. 362, 491 P.3d 661 (holding that forcing a person to pay restitution at the expense of affording minimal living requirements and essential services was "unjust"). There was no evidence that Dowd conceivably could acquire housing or meet his transportation needs for an amount less than the modest value of his current home and vehicle.

¶15 The State argues that Dowd could afford to pay and his SSDI was not targeted. *See State v. Yeaton*, 2021 MT 312, ¶¶ 11-12, 406 Mont. 465, 500 P.3d 583. The State cites Dowd's testimony that he could shift the monies he used to pay for his pretrial monitoring device to afford the costs, surcharges, and fees to argue that Dowd had the ability to pay without using his SSDI. It was undisputed, though, that Dowd received assistance from his wife to pay for the monitoring device and that she could no longer provide that assistance. What is more, Dowd's wife was not the one being sentenced. The State maintains, however, that Dowd was "requir[ed] . . . to obtain employment," providing him with additional income that he could use toward the fine and charges. The State's contention is not supported by the record; Dowd receives SSDI because his physical disability prevents him from maintaining employment for which he is qualified. More importantly, the District Court made no finding that Dowd had the ability to earn additional income with which to pay the assessed financial obligations; it relied only on its assessment of Dowd's assets and liabilities.

¶16 Review of the record reflects that the court misapprehended the effect of the evidence when conducting its ability-to-pay analysis; its finding that Dowd had the ability to pay the financial obligations assessed on top of the $5,000 mandatory fine was clearly

8

erroneous. *See Reynolds*, ¶ 16. Because the undisputed evidence supports a finding that Dowd could not pay, the District Court imposed illegal sentencing conditions when it ordered the $20 statutory felony charge (§ 46-18-236(2), MCA), the $50 statutory victim and witness advocacy charge (§ 46-18-236(2), MCA), the $100 prosecution fee (§ 46-18-232(2), MCA), and the $50 PSI fee (§ 46-18-111(3), MCA). Supervisory fees and informational technology fees remain in a sentencing court's discretion even if it finds that a defendant does not have the ability to pay. *See* §§ 46-23-1031(1)(c); 3-1-317(2), MCA. Nonetheless, we consider whether such conditions were reasonable. *Reynolds*, ¶ 15. Considering Dowd's circumstances, it was not reasonable for the court to impose any discretionary fees.

## CONCLUSION

¶17 We reverse and remand for the District Court to strike the costs, surcharges, and fees detailed in the Judgment.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON

Justice Jim Rice, dissenting.

¶18 Mr. Dowd was arrested and charged with several offenses after an investigation was initiated on March 9, 2021, in response to citizen calls that a silver minivan was driving

9

down the wrong side of the road. This unfortunate and dangerous development occurred after Dowd had his silver minivan repaired at a cost of $422, following which he consumed alcohol and smoked two bowls of marijuana. The officer's investigation discovered other drug paraphernalia and a baggie with white crystal residue in Dowd's minivan, which field tested presumptively as methamphetamine. Dowd's blood alcohol concentration was .126. At the time, he was on probation for committing the offense of Criminal Endangerment.

¶19 Dowd entered a plea agreement that provided for dismissal of two charges in exchange for his guilty plea to one count of operating a motor vehicle while under the influence of alcohol, fourth or subsequent offense. The State agreed that no further prosecution would be initiated against Dowd arising out of the March 9, 2021, investigation and arrest. The parties agreed that Dowd would pay a $5,000 fine, that the State would request the conditions recommended in the PSI, and that Dowd could "argue whether any specific condition should apply."

¶20 Dowd explained to the PSI writer and reiterated in the sentencing hearing that he had undergone a surgical procedure to allow him to "be more mobile." The PSI recommended that Dowd be required to "seek and maintain employment." The District Court asked during the sentencing hearing if there were "any of those [recommended conditions] that you would argue are unreasonable or do not apply to your client?," but no objection or argument was made regarding the employment requirement. Thus, any objection to imposition of this condition was forfeited or waived. "Failure to object to an improper condition at or before sentencing results in a waiver of the right to object to that condition for the first time on appeal," and Dowd does not challenge the work condition

10

on appeal. *State v. Essig*, 2009 MT 340, ¶ 30, 353 Mont. 99, 218 P.3d 838. Therefore, this condition is part of the sentence.[1]

¶21 Dowd objected to the imposition of costs and fees, testified at the sentencing hearing, and was cross-examined. Dowd explained that he and his wife reside in a double-wide mobile home that they are remodeling, and that he owned a Pontiac vehicle. He testified he had $621 in a checking account, $600 of which he had earmarked for rent. He testified that funds he had used for his alcohol monitoring device earlier in the proceeding could be used toward fines and fees. After the conclusion of his testimony, during allocution at the end of the hearing, Dowd advised the District Court that his wife had been assisting him with fees but that she had gotten Covid "and basically lost her part-time job" about four weeks earlier. No testimony or argument was offered regarding an inability to work.

¶22 The District Court declined to impose recommended condition 13e for costs of assigned counsel, and imposed a $20 surcharge upon the felony offense instead of the recommended $500 under recommended condition 13b. The District Court imposed the remaining financial conditions. Regarding the $5,000 fine, the District Court stated that "good faith efforts to attempt to pay will defeat" any petition to revoke based upon

---

[1] The Social Security Administration offers several programs that provide incentives for SSDI and SSI recipients to work and earn income up to certain limits without effect on their receipt of benefits. Depending upon which program a recipient would participate in, up to $1,050 per month can be earned that will not be considered "Substantial Gainful Activity," 20 C.F.R. 404.1574, the point at which benefits may be reduced, and up to $1,470 per month within an extended eligibility period. Work expenses incurred allow earnings to be higher. *See* Social Security Admin., *Working While Disabled: How We Can Help*, SSA.gov https://www.ssa.gov/pubs/EN-05-10095.pdf (last visited August 31, 2023.)

nonpayment.  *See also* § 46-18-232(3), MCA (2019) (defendant may petition the court for remission of costs, which may be remitted "[i]f it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family.").

¶23    The District Court stated it had reviewed the record, including the PSI.  "[T]he rules of evidence are not applicable or controlling in sentencing hearings."  *State v. J. C.*, 2004 MT 75, ¶ 31, 320 Mont. 411, 87 P.3d 501.  The court is "entitled to reject" or accept testimony at a sentencing hearing.  *State v. Simpson*, 2014 MT 175, ¶ 20, 375 Mont. 393, 328 P.3d 1144.  I believe the court's consideration of Dowd's ability to pay was sufficient under *State v. Hardin*, 2023 MT 132, ¶ 32, 413 Mont. 26, 532 P.3d 466, and *State v. Hotchkiss*, 2020 MT 269, ¶ 25, 402 Mont. 1, 474 P.3d 1273, and that its determination was supported by the record.  I would affirm.

/S/ JIM RICE