FILED

10/01/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0611

DA 22-0611

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 222N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

RANDALL PATRICK ATKINS,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC-21-106
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Charlotte Lawson, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

          Marcia J. Boris, Lincoln County Attorney, Libby, Montana

Submitted on Briefs:  August 28, 2024

Decided:  October 1, 2024

Filed:

                             _____
                                   Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Randall Patrick Atkins appeals from the Nineteenth Judicial District Court's Judgement and Sentence imposing $840 in discretionary financial obligations, including a $500 fine and $100 surcharge. We affirm in part and reverse in part and remand for further proceedings consistent with this Opinion.

¶3 The State charged Atkins with one count of Criminal Possession of Dangerous Drugs and two counts of Criminal Possession of Drug Paraphernalia. Atkins was convicted on all three counts.

¶4 Atkins' Presentence Investigation Report ("PSI") indicated that he was unemployed, was collecting $250 a month in Supplemental Nutrition Assistance Program ("SNAP") benefits, had $15,000 in mostly student-loan debt, and that his only asset was a 1990 van. At the time of the PSI, Atkins was living with his mother in her home in Glendive. The PSI recommended that Atkins be assessed fines and fees totaling in excess of $6,300.

¶5 At sentencing, Atkins objected to the imposition of the recommended fines and fees, requesting that they be waived based on his inability to pay. The District Court held a hearing on Atkins' ability to pay, at which Atkins testified. Atkins testified that he had

2

applied for Social Security Disability Insurance ("SSDI") but had not yet heard back about it. He testified that he had not worked in eight years but that he did have an Associate of Applied Science Degree in "[a]utomotive." He explained that his mother had died on March 20, 2022, and that his brother and sister were in the process of selling her home, which was unlikely to result in any profit based on his mother's outstanding debts.

¶6 After hearing Atkins' testimony and reviewing the PSI, the District Court reduced Atkins' total recommended financial obligation by more than $5,500. The District Court assessed a total of $840, which included a $500 fine (reduced from the $2,000 recommendation) and a $100 surcharge pursuant to § 46-18-236(1)(b), MCA.

¶7 We review criminal sentences for legality, "review[ing] de novo whether the court adhered to the applicable sentencing statute." *State v. Moore*, 2012 MT 95, ¶ 10, 365 Mont. 13, 277 P.3d 1212 (citation omitted). If a sentencing condition is legal, "we then review its reasonableness to determine whether the district court abused its discretion." *State v. Reynolds*, 2017 MT 317, ¶ 15, 390 Mont. 58, 408 P.3d 503 (citation omitted).

¶8 "A district court's determination of a defendant's ability to pay an imposed fine, fee, cost, or other charge is essentially a finding of fact that this Court will reverse only if it is clearly erroneous." *State v. Fisher*, 2021 MT 255, ¶ 25, 405 Mont. 498, 496 P.3d 561 (quoting *State v. Hotchkiss*, 2020 MT 269, ¶ 13, 402 Mont. 1, 474 P.3d 1273 (internal quotations omitted)). "A court's findings of fact are clearly erroneous if they are not supported by substantial credible evidence, if the court misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite and firm conviction that a mistake has been made." *Reynolds*, ¶ 16 (citation omitted).

¶9     Atkins advances two arguments on appeal.  First, Atkins argues that the District Court erred by imposing $840 in discretionary financial obligations without first finding he had the ability to pay them.  Each of the statutory provisions under which the District Court assessed Atkins' fines and fees contains a requirement that the District Court waive them upon a finding that the defendant lacks the ability to pay.  *See* §§ 46-18-236(2), -231(3), 3-1-317(2), MCA.  We have held that a district court imposing such fines and fees must "examine the fee[s] considering a defendant's other financial obligations, employment opportunities, available assets, and any present or future hardship imposing the fee may have."  *State v. Hardin*, 2023 MT 132, ¶ 32, 413 Mont. 26, 532 P.3d 466.  To the extent that a district court does not make specific findings regarding a defendant's ability to pay, we have held that such findings may be implicit in its ultimate determination where they are supported by the record.  *State v. Gable*, 2015 MT 200, ¶ 18, 380 Mont. 101, 354 P.3d 566.

¶10    Atkins suggests that our decision in *State v. Dowd*, 2023 MT 170, 413 Mont. 245, 535 P.3d 645, controls the outcome of this case.  In *Dowd*, the defendant (Dowd) collected $940 per month in SSDI benefits and owned two assets: an $8,000 mobile home and a $1,000 vehicle.  *Dowd*, ¶ 4.  The district court assessed a total of approximately $6,000 in fines and fees.  *Dowd*, ¶ 5.  We held that the district court had failed to properly consider Dowd's ability to pay when it "relied only on its assessment of Dowd's assets and liabilities," which were insufficient to pay the assessed costs, and "made no finding that Dowd had the ability to earn additional income."  *Dowd*, ¶ 15.

¶11 Atkins argues that he is financially worse off than Dowd was, with $15,000 in debt, $250 in monthly SNAP benefits, and no assets other than his van, which he purchased at a totaled-vehicles auction. This case is distinct from *Dowd* in two significant ways. First, the District Court imposed a significantly lower obligation of $840 on Atkins, eliminating over $5,500 of financial obligations it might have otherwise imposed. Second, unlike in *Dowd*, there is substantial evidence in the record that indicates Atkins can work to pay off the $840 the District Court did impose. Atkins claimed to be unable to work and lacked financial means. But he testified at trial that he spent the majority of his time working on his van, doing things like replacing parts and reassembling the interior. Atkins also testified at trial that in exchange for parking his van on his uncle's property, he paid his uncle's rent for August and September, his uncle's vehicle insurance, registration, and parts costs, and an extra tenant fee. Although Atkins asserted at sentencing that he would not be able to find work and that he had applied for SSDI, there has been no determination that Atkins is, in fact, disabled or that he qualifies for SSDI, and nothing but Atkins' speculation that he would be unable to find work.

¶12 Atkins argues in the alternative that even if the District Court implicitly found he had the ability to pay the assessed fines, we should find that the decision to impose some costs and waive others was unlawful because they were all subject to the same standard. Atkins cites no authority for the proposition that all fines and fees must either rise or fall together and it is not our responsibility to conduct legal research on behalf of a party to support their argument. *623 Partners, LLC v. Hunter*, 2016 MT 336, ¶ 24, 386 Mont. 24, 385 P.3d 963. We have previously upheld the imposition of various arrangements of fines

5

and fees and have never endorsed an all or nothing approach to financial obligations. *See, e.g., State v. Thompson*, 2017 MT 107, ¶ 2, 387 Mont. 339, 394 P.3d 197 (upholding fines reduced from $3,520 to $390 based on impact on the defendant's family); *State v. Schroder*, 2024 MT 59, ¶¶ 5-6, 415 Mont. 543, 545 P.3d 62 (upholding a restitution award reduced from $4,930.07 to $2039.20 based, in part, on ability to pay).

¶13 The District Court did not clearly err in its implicit finding that Atkins could find work sufficient to pay down his steeply reduced financial obligations.

¶14 Atkins next argues that the District Court erred by imposing a $100 surcharge pursuant to § 46-18-236(1)(b), MCA, after it reduced his underlying fine to $500 from $2,000. Section 46-18-236(1)(b), MCA, provides that a District Court at sentencing must impose a surcharge that is "the greater of $20 or 10% of the fine levied for each felony charge." The State concedes that, having reduced the fine levied for the felony charge in the case to $500, the only surcharge the District Court could have assessed under § 46-18-236(1)(b), MCA, was $50. Therefore, the District Court erred when it assessed a $100 surcharge. On remand, the District Court is instructed to amend the surcharge to $50.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶16 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this Opinion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JIM RICE