**FILED**

04/21/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0466

DA 23-0466

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 79

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CHRISTOPHER HORN,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 20-1603
Honorable Colette B. Davies, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Tammy A. Hinderman, Appellate Defender Division Administrator,
Jennifer Penaherrera, Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

            Scott D. Twito, Yellowstone County Attorney, Arielle Dean, Deputy
Chief County Attorney, Billings, Montana

Submitted on Briefs:  March 18, 2026

Decided:  April 21, 2026

Filed:

                                        _____
                                          Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Christopher Horn appeals from the June 30, 2023 Judgment entered by the Thirteenth Judicial District Court, Yellowstone County, following his entry of a guilty plea, pursuant to a plea agreement, to a fourth or subsequent operation of a noncommercial vehicle with an alcohol concentration of 0.08 or more, a felony, in violation of § 61-8-406, MCA (2019).[1]  Horn raises the following issues:

1. *Whether the District Court erred by imposing a mandatory-minimum $5,000 fine pursuant to § 61-8-731(1)(a)(iii), MCA (2019), because the statute is facially unconstitutional.*

2. *Whether the District Court erred by imposing fees in the written judgment after orally pronouncing that fees would be waived.*

We reverse and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     In December 2020, police investigated a reported domestic disturbance involving a vehicle occupied by Horn and two others, after which Horn was charged with a fourth DUI offense in violation of § 61-8-401, MCA (2019).  Later, the State filed an Amended Information adding, as Count II, a DUI per se charge for operating a noncommercial vehicle with an alcohol concentration of 0.08 or more, fourth or subsequent offense.  Horn entered a plea agreement with the State in which he agreed to plead guilty to Count II in exchange for dismissal of Count I, and in April 2023, appeared before the District Court

---

[1] In 2021, §§ 61-8-401, et al., MCA, were repealed and renumbered at § 61-8-1001, MCA.  *See* 2021 Mont. Laws ch. 498, § 44.  The sentencing statutes for DUI offenses were also repealed and renumbered.  *See* §§ 61-8-1001, et. al., MCA.  We here use the numbering in effect and applicable at the time of the offense.

2

and pled guilty, admitting he had operated a motor vehicle in Yellowstone County while his blood alcohol concentration exceeded the legal limit of 0.08 and that he had three prior DUI convictions. The District Court accepted the plea and set the matter for sentencing.

¶3 At sentencing, the parties jointly recommended a 13-month commitment to the Department of Corrections with no time suspended and a recommendation for placement in the Warm Springs Addictions Treatment and Change Program (WATCh), followed by a consecutive five-year commitment to the Department of Corrections, all suspended, and a $5,000 fine. Horn separately requested that the District Court waive the fees listed in Paragraph 13 of the Presentence Investigation (PSI), offering that the case had been resolved without difficulty and, given his income, the funds he earned should be applied toward the $5,000 fine rather than the fees. Horn is employed by the Crow Tribal Government. He is married and has seven children, two of whom are minors.

¶4 The District Court dismissed Count I and, consistent with the parties' recommendations, sentenced Horn on Count II to 13 months in the Department of Corrections with a recommendation for placement in the WATCh Program, followed by a five-year commitment to the Department of Corrections, all suspended. The court imposed the agreed-upon minimum $5,000 fine pursuant to § 61-8-731(1)(a)(iii), MCA (2019), and orally pronounced that it would waive the fees listed in Paragraph 13 of the PSI. However, the written judgment subsequently entered by the District Court required Horn to pay a felony surcharge, advocate surcharges, information technology fee, a PSI fee totaling $610, along with other legal fees.

¶5 Horn appeals.

**STANDARD OF REVIEW**

¶6     "This Court reviews sentences for legality, 'confining our review to whether the sentence falls within the parameters set by statute.'" *State v. Kalina*, 2025 MT 70, ¶ 53, 421 Mont. 305, 567 P.3d 270 (citing *State v. English*, 2006 MT 177, ¶ 55, 333 Mont. 23, 140 P.3d 454).  We review de novo whether a district court adheres to the applicable sentencing statute.  *State v. Dowd*, 2023 MT 170, ¶ 6, 413 Mont. 245, 535 P.3d 645.  A claim that a sentence violates the constitution is a matter of law that we review de novo. *State v. Garrymore*, 2006 MT 245, ¶ 9, 334 Mont. 1, 145 P.3d 946.

**DISCUSSION**

¶7     *1. Whether the District Court erred by imposing a mandatory-minimum $5,000 fine pursuant to § 61-8-731(1)(a)(iii), MCA (2019), because the statute is facially unconstitutional.*

¶8     Sentencing authority "exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized." *State v. Lenihan*, 184 Mont. 338, 342, 602 P.2d 997, 1000 (1979) (citation omitted). Section 61-8-731(1)(a)(iii), MCA (2019), provides that a person convicted of a fourth-offense DUI "shall be punished" by a fine in the range of $5,000 to $10,000. Section 46-18-231, MCA (2019), requires that "whenever" an offender has been found guilty of a felony, a sentencing court "shall take into account the nature of the crime committed, the financial resources of the offender, and the nature of the burden that payment of the fine and interest will impose." *See also State v. Cole*, 2026 MT 52, ¶ 11, 427 Mont. 64, 585 P.3d 955.  Then, § 46-18-231(3), MCA (2019), prohibits a judge from

4

sentencing an offender to pay a fine "unless the offender is or will be able to pay the fine and interest."

¶9 Horn and the State both submitted their appellate briefing before the release of the Court's decision in *Cole*, which is controlling here and has superseded many of the parties' arguments. Horn argues the mandatory-minimum $5,000 fine imposed pursuant to § 61-8-731(1)(a)(iii), MCA (2019), constitutes an illegal sentence because it is facially unconstitutional under the Court's holding in *State v. Gibbons*, 2024 MT 63, 416 Mont. 1, 545 P.3d 686 (overruled in part by *Cole*). Horn contends that § 61-8-731(1)(a)(iii), MCA (2019), is materially indistinguishable from § 61-8-731(3), MCA (2019), the statute at issue in *Gibbons*, because it likewise mandates a $5,000 minimum fine without regard to a defendant's ability to pay. Horn further asserts that his agreement to the $5,000 fine in the plea agreement is immaterial because a defendant cannot acquiesce in or plead guilty to an illegal sentence, and indeed, the Court has held that "a defendant cannot 'actively acquiesce' or 'participate' in the imposition of a sentencing condition that is not statutorily authorized." *City of Kalispell v. Salsgiver*, 2019 MT 126, ¶ 45, 396 Mont. 57, 443 P.3d 504 (overturning *State v. Micklon*, 2003 MT 45, 314 Mont. 291, 65 P.3d 559). The State counters that *Gibbons* invalidated only § 61-8-731(3), MCA (2019), not the mandatory-minimum fine set forth in § 61-8-731(1)(a)(iii), MCA (2019), and that, even if *Gibbons* applied, the District Court did not abuse its discretion in imposing the fine because the record supports Horn's ability to pay it.

¶10 In *Cole*, this Court addressed the mandatory-minimum $5,000 fine imposed under § 61-8-731(1)(a)(iii), MCA (2019), the statute at issue here, and overruled *Gibbons*'

5

holding that the similar provision, § 61-8-731(3), MCA (2019), is facially unconstitutional. *Cole*, ¶ 22. The district court in *Cole* had suspended Cole's entire fine after finding that Cole lacked the ability to pay. *Cole*, ¶ 4. We affirmed, explaining that pursuant to § 61-8-731(1)(a)(iii), MCA (2019), along with §§ 46-18-231 and 46-18-201, MCA (2019), sentencing courts must consider a defendant's ability to pay when imposing a mandatory minimum fine and may suspend the portion a defendant lacks the ability to pay. *Cole*, ¶¶ 11-13. We explained that harmonizing §§ 61-8-731(1)(a)(iii), 46-18-231, and 46-18-201, MCA (2019), in this way "avoids the unconstitutional construction of § 61-8-731(1)(a)(iii), MCA (2019), that this Court applied to § 61-8-731(3), MCA (2019), in *Gibbons*." *Cole*, ¶ 15. "Because statutes are presumed to be constitutional, we must construe statutes 'in a manner to avoid their unconstitutionality.'" *Cole*, ¶ 10 (quoting *State v. Smith*, 2021 MT 148, ¶ 56, 404 Mont. 245, 488 P.3d 531).

¶11 Thus, for purposes of inquiring into a defendant's ability to pay under *Cole*, § 61-8-731(1)(a)(iii), MCA (2019), and § 61-8-731(3), MCA (2019), are not distinguishable, contrary to the State's argument. However, unlike in *Cole*, the District Court made no findings regarding Horn's ability to pay the mandatory-minimum $5,000 fine, pursuant to § 46-18-231(3), MCA (2019), probably because Horn had agreed to its imposition. The State argues that the "record is clear" that Horn can pay the fine, but the District Court did not analyze the issue and enter findings. Thus, pursuant to *Cole*, we reverse the imposition of the $5,000 fine and remand this matter to the District Court to conduct an ability-to-pay analysis.

¶12  *2. Whether the District Court erred by imposing fees in the written judgment after orally pronouncing that fees would be waived.*

¶13  At sentencing, the District Court orally stated it would "waive the fees associated with paragraph 13" of the PSI. However, contrary to that pronouncement, the written judgment imposed a felony surcharge, victim/witness advocate surcharge, information technology fee, PSI fee, and undetermined supervision fees and other legal fees.

¶14  A lower court's "oral pronouncement of a criminal sentence is the legally effective sentence and valid, final judgment." *State v. Hamilton*, 2018 MT 253, ¶ 50, 393 Mont. 102, 428 P.3d 849 (internal quotations and citation omitted). The State concedes the issue. We remand with instructions that the District Court amend the written judgment to conform to the oral pronouncement.

¶15  In conclusion, we reverse the $5,000 fine and remand for findings on Horn's ability to pay the fine, including such further proceedings as the District Court deems necessary for that purpose, and for entry of an amended judgment that strikes the fees waived in the oral pronouncement.

/S/ JIM RICE

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER

7

Justices Ingrid Gustafson, Laurie McKinnon, and Katherine Bidegaray, concurring in part and dissenting in part.

¶16 We agree and concur with remanding this matter to the District Court to conduct an ability-to-pay analysis under Article II, Section 22, of the Montana Constitution and § 46-18-231(3), MCA (2019). To the extent this Court holds, or may be read to permit, that if the District Court determines Horn does not have the ability to pay the mandatory minimum fine, the court must nonetheless impose it and then suspend some or all of it, we dissent. The constitutional and statutory infirmity arises at the moment of imposition of the fine on a defendant who does not have the financial ability to pay it and is not corrected by suspension of some or all of the fine post-imposition. *See State v. Cole*, 2026 MT 52, 427 Mont. 64, 585 P.3d 955 (Bidegaray, J., dissenting); *State v. Trombley*, 2026 MT 77, ___ Mont. ___, ___ P.3d ___ (Gustafson, McKinnon, and Bidegaray, JJ., concurring in part and dissenting in part); and *City of Whitefish v. Curran*, 2026 MT 65, 427 Mont. 284, ___ P.3d ___ (Gustafson, McKinnon, and Bidegaray, JJ., dissenting). Section 46-18-231(3), MCA (2019), provides that a sentencing judge "may not sentence an offender to pay a fine unless the offender is or will be able to pay the fine and interest." A court cannot do indirectly through suspension what that statute forbids it to do directly at sentencing. *See State v. Lenihan,* 184 Mont. 338, 342, 602 P.2d 997, 1000 (1979); *State v. Plouffe,* 2014 MT 183, ¶ 27, 375 Mont. 429, 329 P.3d 1255.

¶17 This record illustrates the problem. Defense counsel advised the District Court that Horn's employment was seasonal, he likely would not have it much longer once he entered WATCh, and his limited income should go to the $5,000 fine rather than additional fees.

The District Court then waived the paragraph 13 fees but imposed the $5,000 fine without making any ability-to-pay findings. If Horn cannot pay that mandatory minimum fine, suspending it after pronouncement does not cure the error. *See Cole*, ¶¶ 37-45 (Bidegaray, J., dissenting); *Trombley*, ¶¶ 16-18 (Gustafson, McKinnon, and Bidegaray, JJ., concurring in part, and dissenting in part); *Curran*, ¶¶ 12-14 (Gustafson, McKinnon, and Bidegaray, JJ., dissenting).

¶18    Further, we concur as to issue two to remand to the District Court with instructions to amend the written judgment to conform to the oral pronouncement imposing fees because the District Court orally waived the fees associated with paragraph 13, but the written judgment did not.

/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON
/S/ KATHERINE M. BIDEGARAY

9