DA 23-0733

FILED

05/19/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0733

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 107

---

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

CLEVE ERNEST SPANG,

      Defendant and Appellant.

---

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 21-1506
Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Tammy A. Hinderman, Appellate Defender Division Administrator,
Deborah S. Smith, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

          Scott D. Twito, Yellowstone County Attorney, Holley Metzger, Deputy
County Attorney, Billings, Montana

---

          Submitted on Briefs:  March 25, 2026

                 Decided:  May 19, 2026

Filed:

_____
          Clerk

Chief Justice Cory Swanson delivered the Opinion of the Court.

¶1 Cleve Ernest Spang (Spang) appeals the February 2023 judgment and sentence of the Montana Thirteenth Judicial District Court for Driving a Motor Vehicle Under the Influence of Alcohol or Drugs (DUI) (4th or subsequent), a felony in violation of § 61-8-401, MCA (2019). Spang challenges only one aspect of the judgment: the imposition of a $5,000 fine required by § 61-8-731, MCA (2019). We affirm the imposition of the fine and remand this case to the District Court to conduct an evaluation of Spang's ability to pay.

¶2 We restate the issues on appeal as follows:

*Issue One: Whether Spang waived his right to appellate review of a fine imposed by the District Court when he agreed to the fine in his plea agreement.*

*Issue Two: Whether the District Court erred by imposing a $5,000 mandatory minimum fine pursuant to § 61-8-731, MCA (2019).*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 At approximately 4:00 a.m. on November 11, 2021, Deputy Merrell from the Yellowstone County Sheriff's Office responded to reports of Spang exhibiting concerning driving behavior in the Billings Heights area. Spang was observed driving at inconsistent speeds, swerving in and out of the lane, and nearly hitting the guard rail on the side of the road. After seeing him pull up to a gas pump and exit his vehicle, Deputy Merrell confronted Spang. Deputy Merrell noticed Spang's eyes were red and watery, and the inside of his vehicle had an overwhelming stench of alcohol. Deputy Merrell administered the Standard Field Sobriety Tests to determine if Spang was safe to drive. Spang was

2

unable to perform the Walk and Turn Test or the One Legged Stand Test because of an alleged back injury but exhibited six out of six indications of impairment on the Horizontal Gaze Nystagmus test, noticeably swaying during the test. Spang refused to provide a breath sample or a blood sample but admitted he had been drinking prior to the stop. Deputy Merrell transported Spang to the Yellowstone County Detention Facility DUI processing Center and provided him with a Notice to Appear in the District Court. Further investigation revealed Spang had four prior DUI convictions.

¶4 On December 8, 2021, Spang appeared for his initial arraignment. On August 23, 2022, Spang signed an Acknowledgment, Waiver of Rights and Plea Agreement (Plea Agreement). In the Plea Agreement, Spang agreed to plead guilty to DUI in exchange for the State's recommendation that the District Court commit Spang to the Department of Corrections (DOC) for five years, all suspended; Spang enroll in and complete the Sobriety, Treatment, Education, Excellence, Rehabilitation (STEER) Court Program; and the District Court impose a $5,000 fine. On October 28, 2022, Spang pleaded guilty to DUI and admitted to his four prior DUI convictions. At the December 9, 2022 sentencing hearing, Spang informed the District Court he had not been accepted into the STEER Court Program. As a result, the State was only able to recommend the statutory minimum sentence on a felony DUI which—in Spang's case—was a 13-month commitment to DOC, followed by a five-year suspended sentence, and a minimum fine of $5,000. Spang joined the State's recommendation and the District Court imposed the same.

**STANDARD OF REVIEW**

¶5 We review criminal sentences for legality. *State v. Cole*, 2026 MT 52, ¶ 5, 427 Mont. 64, 585 P.3d 955. When determining legality, we consider "whether the sentence falls within the statutory parameters, whether the district court had statutory authority to impose the sentence, and whether the district court followed the affirmative mandates of the applicable sentencing statutes." *State v. Yeaton*, 2021 MT 312, ¶ 8, 406 Mont. 465, 500 P.3d 583 (quoting *State v. Ingram*, 2020 MT 327, ¶ 8, 402 Mont. 374, 478 P.3d 799). We review whether a district court adheres to the applicable sentencing statute de novo. *State v. Horn*, 2026 MT 79, ¶ 6, 427 Mont. 402, ___ P.3d ___ (citing *State v. Dowd*, 2023 MT 170, ¶ 6, 413 Mont. 245, 535 P.3d 645). We review a claim that a sentence violates a constitutional provision de novo. *State v. Ber Lee Yang*, 2019 MT 266, ¶ 8, 397 Mont. 486, 452 P.3d 897.

**DISCUSSION**

¶6 *Issue One: Whether Spang waived his right to appellate review of a fine imposed by the District Court when he agreed to the fine in his plea agreement.*

¶7 Spang asserts he agreed to an illegal sentence when he agreed to pay the $5,000 fine in the Plea Agreement because the District Court lacked authority to impose the fine pursuant to *State v. Gibbons*, 2024 MT 63, 416 Mont. 1, 545 P.3d 686, *overruled in part by Cole,* which held § 61-8-731(3), MCA (2019), was facially unconstitutional. Spang argues the fine was therefore an illegal provision to which he could not acquiesce. The State contends that Spang waived appellate review when he agreed to pay the $5,000 fine in the Plea Agreement.

4

¶8 Our recent decision in *Cole* resolves the issue of legality as discussed below. However, at the time of the Plea Agreement, the District Court understood a $5,000 minimum fine to be mandatory, and the law at that time supported that understanding. *State v. Mingus*, 2004 MT 24, ¶ 15, 319 Mont. 349, 84 P.3d 658, *overruled in part by Gibbons*, (finding "When a fine is statutorily mandated, the court has no discretion as to whether to impose the fine, irrespective of the defendant's ability to pay.") A defendant cannot agree to a sentence which is illegal at the time of the plea agreement. *State v. Trombley*, 2026 MT 77, ¶ 8, 427 Mont. 384 ___ P.3d ___ (citing *State v. Arellano*, 2024 MT 108, ¶ 12, 416 Mont. 406, 549 P.3d 428).

¶9 Spang could not have agreed to anything other than the fine that was a mandatory part of his sentence at the time of the Plea Agreement. However, the law existing at the time Spang signed the Plea Agreement—that supported a mandatory fine without consideration of ability to pay—was called into question by subsequent legal rulings. *Compare Gibbons*, *with Cole* (*Gibbons* overruling *Mingus* to the extent it prevented courts from considering an offender's ability to pay before imposing a fine; *Cole* overruling *Gibbons's* holding that § 61-8-731(3), MCA (2019), was facially unconstitutional). Therefore, Spang did not waive his right to appeal the fine by signing the agreement.

¶10 *Issue Two: Whether the District Court erred by imposing a $5,000 mandatory minimum fine pursuant to § 61-8-731, MCA (2019).*

¶11 Spang asserts the District Court lacked authority to impose a $5,000 fine under § 61-8-731(3), MCA (2019)—which sets a mandatory minimum fine for felony DUIs— because this Court determined that statute was facially unconstitutional in *Gibbons*. The

5

State argues the fine was not imposed pursuant to § 61-8-731(3), MCA (2019) (now codified at § 61-8-1008(2), MCA), but rather § 61-8-731(1)(a)(iii), MCA (2019) (now codified at § 61-8-1008(1)(a)(i), MCA), which was not the statute at issue in *Gibbons*. The State further argues *Gibbons* is manifestly wrong and should be overruled.

¶12    These arguments are resolved by our recent decision in *Cole* where we overruled *Gibbons* to the extent it held § 61-8-731(3), MCA (2019), was facially unconstitutional. *Cole*, ¶¶ 22-29.    In *Cole*, we determined § 61-8-731(1)(a)(iii), MCA (2019), can be harmonized with § 46-18-231(3), MCA (2019), which requires the sentencing judge imposing a fine to consider the nature of the crime committed, the financial resources of the offender, and the financial burden the fine will impose.  This harmonization can occur by means of the express authority granted to sentencing judges under § 46-18-201(2), MCA (2019), to suspend portions of a mandatory fine which the defendant lacks the ability to pay.  *Cole*, ¶ 13.

¶13    In *Cole*, we clarified the process a sentencing court must follow to harmonize these provisions.  First, the sentencing court must impose a mandatory fine within the limits outlined by the sentencing statute.  The court must then consider the nature of the crime committed, the financial resources of the offender, and the financial burden the fine will impose on the offender pursuant to § 46-18-231(3), MCA (2019).  If the court determines the defendant is or will be unable to pay the full amount of the mandated fine, the court must suspend the mandatory fine to the extent the defendant cannot pay pursuant to its authority under § 46-18-201(2), MCA (2019).  *Cole*, ¶ 14.

¶14 The parties disagree on which subsection of § 61-8-731, MCA (2019), was applied by the District Court to sentence Spang. Spang contends he was sentenced pursuant to § 61-8-731(3), MCA (2019), because this was his fifth DUI offense. The State contends the actual custodial sentence imposed supports sentencing was pursuant to § 61-8-731(1)(a), MCA (2019). Section 61-8-731(1), MCA (2019), states:

> (1) Except as provided in subsection (3), if a person is convicted of a violation of 61-8-401, 61-8-406, 61-8-411, or 61-8-465, the person has either a single conviction under 45-5-106 or any combination of *three or more prior convictions* under 45-5-104, 45-5-205, 45-5-628(1)(e), 61-8-401, 61-8-406, or 61-8-465, and the offense under 45-5-104 occurred while the person was operating a vehicle while under the influence of alcohol, a dangerous drug, any other drug, or any combination of the three, as provided in 61-8-401(1) . . . .

(Emphasis added.) Section 61-8-731(3), MCA (2019), states:

> (3) If a person is convicted of a violation of 61-8-401, 61-8-406, 61-8-411, or 61-8-465, the person has either a single conviction under 45-5-106 or any combination of *four or more prior convictions* under 45-5-104, 45-5-205, 45-5-628(1)(e), 61-8-401, 61-8-406, or 61-8-465, the offense under 45-5-104 occurred while the person was operating a vehicle while under the influence of alcohol, a dangerous drug, any other drug, or any combination of the three, as provided in 61-8-401(1), *and the person was, upon a prior conviction, placed in a residential alcohol treatment program under subsection (2), whether or not the person successfully completed the program*, the person shall be sentenced to the department of corrections for a term of not less than 13 months or more than 5 years or be fined an amount of not less than $5,000 or more than $10,000, or both.

(Emphasis added.) Spang admits and the record supports this was his fifth DUI conviction. The distinguishing factor important to Spang's sentence under these two subsections is not whether it was a fourth or fifth offense, but rather whether he was placed in a residential alcohol treatment program for a prior conviction. The record indicates Spang was placed in the WATCh West program following his 2003 DUI conviction. Therefore, he should

have been sentenced pursuant to § 61-8-731(3), MCA (2019). However, when Spang failed to meet the STEER Court condition of the Plea Agreement, the State recommended 13 months to DOC, followed by five years suspended, and a fine of $5,000. This sentence is in accordance with a fourth DUI conviction pursuant to § 61-8-731(1), MCA (2019). Spang had the same recommendation. Therefore, regardless of which subsection is the best fit, the District Court followed Spang's own recommendation to sentence him in accordance with § 61-8-731(1)(a), MCA (2019).

¶15 The subsections of § 61-8-731, MCA (2019), at issue are indistinguishable for purposes of analysis under *Cole*. *Horn*, ¶ 11. The two subsections—§ 61-8-731(3), MCA (2019), and § 61-8-731(1)(a)(iii), MCA (2019), differ in use of the conjunctions "or" and "and." The former statute applies to a person convicted of his fifth (or subsequent) DUI and states: "The person shall be sentenced . . . for a term not less than 13 months or more than 5 years *or* be fined an amount of not less than $5,000 or more than $10,000 *or* both." Section 61-8-731(3), MCA (2019) (emphasis added). The use of the conjunction "or" grants the sentencing court discretion to impose a fine or a custodial sentence, or both. *State v. Vaska*, 2025 MT 168, ¶ 36, 423 Mont. 194, 573 P.3d 327 (Swanson, C.J., dissenting). The latter statute imposes a sentence to DOC for a term between 13 months and two years followed by a maximum five-year suspended sentence, "*and* a fine in an amount of not less than $5,000 or more than $10,000." Section 61-8-731(1)(a), MCA (2019) (emphasis added). Therefore, the sentencing court only has discretion to relinquish the fine under § 61-8-731(3), MCA (2019). If the sentencing court exercises that discretion in favor of the fine, it still must consider the defendant's ability to pay under the *Cole*

analysis. Here, the sentence imposed—a 13-month DOC commitment, suspended 5-year DOC commitment, and a $5,000 mandatory fine—supports that Spang was sentenced pursuant to § 61-8-731(1)(a), MCA (2019), because that is the only statute under which Spang's specific sentence is authorized. Therefore, the District Court *must* impose the fine and proceed with the *Cole* analysis.

¶16 The parties provide arguments regarding Spang's ability to pay the $5,000 fine imposed. However, a defendant's ability to pay an imposed fine is a question of fact for determination by the district court that this Court reviews for clear error. *State v. Fisher*, 2021 MT 255, ¶ 25, 405 Mont. 498, 496 P.3d 561 (internal citation omitted). The District Court sentenced Spang pursuant to § 61-8-731(1), MCA (2019), and imposed the mandatory minimum $5,000 fine without analyzing Spang's ability to pay. Therefore, we remand the case back to the District Court to conduct such an evaluation.

## CONCLUSION

¶17 The District Court's judgment imposing the $5,000 fine is affirmed and the case is remanded to the District Court for evaluation of Spang's ability to pay under § 46-18-231(3), MCA (2019).

/S/ CORY J. SWANSON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

9

Justices Ingrid Gustafson, Laurie McKinnon, and Katherine Bidegaray, concurring in part and dissenting in part.

¶18 We concur as to issue one and we agree with remanding this matter to the District Court to conduct an ability-to-pay analysis under Article II, Section 22, of the Montana Constitution and § 46-18-231(3), MCA (2019). To the extent this Court holds, or may be read to permit, that if the District Court determines Spang does not have the ability to pay the mandatory minimum fine, the court must nonetheless impose it and then suspend some or all of it, we dissent. The constitutional and statutory infirmity arises at the moment of imposition of the fine on a defendant who does not have the financial ability to pay it and is not corrected by suspension of some or all of the fine post-imposition. *See State v. Cole*, 2026 MT 52, 427 Mont. 64, 585 P.3d 955 (Bidegaray, J., dissenting); *State v. Trombley*, 2026 MT 77, 427 Mont. 384, ___ P.3d ___ (Gustafson, McKinnon, and Bidegaray, JJ., concurring in part and dissenting in part); and *City of Whitefish v. Curran*, 2026 MT 65, 427 Mont. 284, 586 P.3d 836 (Gustafson, McKinnon, and Bidegaray, JJ., dissenting). Section 46-18-231(3), MCA (2019), provides that a sentencing judge "may not sentence an offender to pay a fine unless the offender is or will be able to pay the fine and interest." A court cannot do indirectly through suspension what that statute forbids it to do directly at sentencing. *See State v. Lenihan,* 184 Mont. 338, 342, 602 P.2d 997, 1000 (1979); *State v. Plouffe,* 2014 MT 183, ¶ 27, 375 Mont. 429, 329 P.3d 1255.

¶19 The District Court imposed the $5,000 fine without making any ability-to-pay findings. If Spang cannot pay that mandatory minimum fine, suspending it after pronouncement does not cure the error. *See Cole*, ¶¶ 37-45 (Bidegaray, J., dissenting);

*Trombley*, ¶¶ 16-18 (Gustafson, McKinnon, and Bidegaray, JJ., concurring in part, and dissenting in part); *Curran*, ¶¶ 12-14 (Gustafson, McKinnon, and Bidegaray, JJ., dissenting).

/S/ INGRID GUSTAFSON
/S/ KATHERINE M. BIDEGARAY
/S/ LAURIE McKINNON